UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID N. DOERFLEIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-0738-DFH-JMS |
| ) | |
| PRUCO SECURITIES, LLC, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT

Arbitration is intended to provide a faster and less expensive means for dispute resolution than the courts provide. Judicial review of arbitration decisions (usually called "awards") is thus "grudgingly narrow." *Eljer Manufacturing, Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1253 (7th Cir. 1994). In this action, plaintiffs David and LeeRoy Doerflein and the David N. Doerflein Trust arbitrated a securities dispute with defendant Pruco Securities, LLC. The result was an award of $65,000 in damages for plaintiffs, plus $5,000 in attorney fees, but plaintiffs were also ordered to pay $7,200 in arbitration costs. Although the Doerfleins won, they believe the award was inadequate. They brought this suit seeking either a new arbitration hearing or a modification of the award to increase the damages to $180,266.37 and to remove any award of costs against them.

David and LeeRoy Doerflein are both in their sixties and not in good health. Both are trustees and beneficiaries of the plaintiff trust. Before 2001, the Doerfleins had invested most of their savings in a high-yield mutual fund. They had used the fund to generate income that they used for living expenses. In 2001, Prudential agent Michael Schmidt persuaded them to purchase a variable annuity. The variable annuity did not generate the income they believed they had been promised. The Doerfleins conferred with a lawyer, Keith L. Griffin, who filed a claim for arbitration on behalf of David Doerflein and the David N. Doerflein Trust.

Arbitrators were selected and the case was set for a hearing on January 16, 2006. Six months earlier, on July 12, 2005, attorney Griffin had withdrawn from his representation of the Doerfleins, although the Doerfleins argue here that they had expected Griffin to represent them in the hearing. At the beginning of the arbitration hearing, the arbitrators took some time to explain how the process would work. They demonstrated considerable patience and flexibility with these pro se litigants (more, in fact, than they would likely have received from this court). The arbitrators also agreed to add LeeRoy Doerflein as a claimant.

The hearing proceeded for two days of evidence. The arbitrators allowed the Doerfleins to reserve the right to call an additional witness. The arbitrators also denied a defense motion to dismiss the claim, and defense presented evidence. On the third scheduled day of the hearing, both Doerfleins told the arbitrators they were too ill to proceed. The hearing was recessed.

The hearing reconvened fifteen months later. By that time, the Doerfleins were represented by a new lawyer, Geoffrey Damon, who also represents them in this court. Damon told the arbitrators that he had reviewed the record from the earlier hearing days. The defense completed its presentation of evidence, and the Doerfleins called another witness. At the end of the hearing, both sides said they had presented all of their evidence and that they were satisfied they had had a fair hearing.

The arbitrators issued an award in May 2007. The award was in favor of the Doerfleins. The arbitrators ordered Pruco Securities to pay the Doerfleins $65,000 in damages and $5,000 in attorney fees. The arbitrators also ordered payment of costs, which included an order to the Doerfleins to pay a total of $7,200 in costs.[1] The Doerfleins brought this suit, which is subject to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, under the court's diversity jurisdiction.

The FAA allows a court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[1] The Doerfleins describe the cost award as one for $6,225, but they were charged a total of $7,200 and were given credit in the final award for previous payments totaling $975.

-3-

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  These statutory grounds provide the exclusive grounds for a court to vacate an arbitration award.  *Hall Street Associates, LLC v. Mattel, Inc.*, 128 S. Ct. 1396, 1403 (2008).  The often-quoted "manifest disregard of the law" standard fits within the statutory provision for arbitrators who exceeded their powers in section 10(a)(4).  *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 268-69 (7th Cir. 2006).  Under this narrow standard of review, even clear errors of law or fact do not authorize the court to set aside an award.  Where the parties have bargained for an arbitration award instead of a court trial and appeal, that is what they get.

The Doerfleins have filed a motion for summary judgment.  Defendant Pruco Securities has filed a motion for judgment.  The latter is the proper procedural vehicle under 9 U.S.C. § 6 for a party seeking to confirm an arbitration award, while a party challenging the award should file a motion to vacate the award.  See *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 570-71 (7th Cir. 2007).  In any event, each side has had ample opportunity to present its arguments.  The error in form does not affect the substance of the issues.  As explained below, the Doerfleins' challenges to the arbitration award in this case fall far short of any authorized basis for vacating the award.

First, the Doerfleins argue that the arbitrators erred by denying LeeRoy Doerflein's pre-hearing requests to be joined as a claimant and then granting his request on the first day of the hearing. They argue that he was unprepared to go forward, had not had an opportunity to conduct discovery in his own right, and was not prepared to present evidence on the damages he had suffered. The Doerfleins have not framed this challenge under section 10(a), as they needed to, but in any event the record belies the factual basis for this challenge. The Doerfleins agreed to go forward on the scheduled day with LeeRoy newly added as a claimant. They also had ample opportunity in the fifteen month recess to prepare any additional evidence. Even in court, the Doerfleins have not identified any additional evidence they were prevented from presenting to the arbitrators.

Second, the Doerfleins argue that the arbitrators showed bias by pressuring them to go forward without their attorney. Again, the record belies this challenge. The decision to go forward without a lawyer was the Doerfleins' to make. Neither the arbitrators nor Pruco were responsible for the problems between the Doerfleins and their original attorney. The record also shows that the arbitrators were patient with the Doerfleins, whose attorney had withdrawn six months before the hearing. The Doerfleins were trying to disavow important steps the attorney had taken on their behalf, and the arbitrators managed that problem as best they could. See, *e.g.*, 1 Arb. Tr. 30-40, 47-51. No improper pressure or bias was shown. In addition, the arbitrators allowed the Doerfleins great flexibility in presenting their account of the relevant events – far more flexibility than any

attorney could have expected. For example, the Doerfleins wanted to "rest" but to reserve the right to call another witness if they changed their minds later. The panel allowed this unusual request. 2 Arb. Tr. 323-28.[2]

Even if the Doerfleins might have put themselves at an unfair disadvantage by firing their lawyer and proceeding without a lawyer, the fifteen month recess, during which they hired a new lawyer, allowed them to compensate for it. By the end of the hearing, the Doerfleins had the opportunity to present all the evidence and arguments that they wished to present. 3 Arb. Tr. 158.

Third, the Doerfleins argue that the arbitrators applied the wrong measure of damages, which they equate with "manifest disregard of the law," or, in the terms of the statute, exceeding the arbitrators' powers. In light of the narrow standard of review, this argument is a non-starter. The arbitrators were authorized to determine an appropriate amount of damages, and they did so. They might have been right or they might have been wrong, but they exercised the powers they were given.

---

[2]In the cited passage from the transcript, on the second day of the hearing, the Doerfleins suggested that they believed they needed a lawyer. The arbitrators immediately addressed that issue and asked the Doerfleins whether they wished to recess the hearing so that they could bring in a lawyer on their behalf. The Doerfleins eventually decided to go forward that day, though they asked for and were granted a recess the next day based on illnesses. 2 Arb. Tr. 563-68. When the hearing reconvened fifteen months later, they had their new lawyer.

Fourth, the Doerfleins argue that it was not fair to charge them – the prevailing parties – with any of the costs of the arbitration. This is also a matter for the arbitrators to decide, and they did so. Most costs were divided equally between the two sides. The arbitrators also charged the Doerfleins certain specific costs for some (but not all) of the late continuances granted at their request – those requests that were made either within three business days of a scheduled hearing or after the parties and arbitrators had actually convened. The Doerfleins have not shown that the arbitrators exceeded their powers.

Finally, the Doerfleins even go so far as to suggest that the variable annuity contract was never valid in the first place, so that its arbitration clause should not be valid and effective. Apart from the fact that such a challenge must show that the arbitration clause itself suffers from some separate and fatal flaw, see, *e.g.*, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 406 (1967); *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress International, Ltd.*, 1 F.3d 639, 641-42 (7th Cir. 1993), the Doerfleins clearly waived any such argument. They are the parties who filed the claim for arbitration. They proceeded through the entire process from claim to award. They cannot claim now that their dispute was not properly subject to the arbitration.

Accordingly, defendant Pruco Securities, LLC is entitled to judgment confirming the arbitration award. Plaintiffs' motion for summary judgment is denied. The court will enter final judgment confirming the award.

So ordered.

Date: January 30, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Geoffrey Parker Damon
DAMON LAW OFFICE
gdamon@damonlawoffice.com

Jason Michael Kuzniar
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
Jason.Kuzniar@wilsonelser.com